UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VALERIE L FLORES,

            Plaintiff,

                                                      Case No. 26-cv-0004-bhl

   v.

NICHOLAS STEPHANI and REED ALLISCH,

            Defendants.

---

## SCREENING ORDER

---

On December 26, 2025, Plaintiff Valerie Flores, proceeding without an attorney, filed a complaint and request for injunction against Defendants Reed Allisch and Nicholas Stephanie in the Northern District of New York. (ECF No. 1). Flores also filed a motion for leave to proceed in forma pauperis (IFP) and a motion to appoint counsel. (ECF Nos. 2 & 3.) The case was later transferred from the Northern District of New York to the Eastern District of Wisconsin. (ECF No. 7.) The matter is now before the Court for consideration of Flores's IFP motion, other motions, and the screening of her complaint.

## IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Flores's motion includes information about her finances and is signed under penalty of perjury. (ECF No. 2 at 2.) She represents that her monthly income is $1,687, that she fully supports one child at an estimated cost of $828 per month, and that her bills and expenses exceed her monthly income. (*Id.* at 1–2.) She states that she has approximately $15 in cash, and no real estate assets. (*Id.* at 2.) She does not state if she has any other assets or itemize any other bills. Based on these sworn assertions, the Court concludes that Flores lacks sufficient resources to pay the filing fee and will grant her motion to proceed IFP.

## SCREENING THE COMPLAINT

The Court also has the authority to screen a *pro se* complaint. *Cf.* 28 U.S.C. §1915(e)(2). In doing so, the Court examines the complaint to determine whether the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *Id*. In screening the complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Flores asserts that she met one of the defendants, Nicholas Stephani, roughly twenty years ago, and had a brief romantic relationship with him in 2010. (ECF No. 1 at 5.) She asserts that she saw Stephani at a Madison, Wisconsin airport in the summer of 2022. (*Id.*) She asserts that either in that same year or 2023, she saw a gray Mercedes sedan that had personalized Wisconsin license plates "that said Corina", and that she has also seen some other luxury cars while traveling in Illinois and Wisconsin since 2018. (*Id.* at 5.) She further asserts there is some connection between these cars and Stephani but does not assert that the driver, or any passenger, of the cars did anything when she saw them. (*Id.*) Her complaint does not mention the other named

defendant, Reed Allisch, at all. Based on these factual allegations, Flores asserts claims under two criminal statutes: 18 U.S.C. §2261(a) and 18 U.S.C. §1514(d)(1). (ECF No. 1 at 3; ECF No. 1-1.)

## ANALYSIS

Flores's complaint cannot survive screening because she seeks to pursue civil claims under criminal statutes that do not provide for or authorize a private litigant to sue in a civil lawsuit. Flores invokes Section 2261(a), which prohibits traveling with the intent to harm an intimate partner, and Section 1514(a)(1), which permits a district court to issue a temporary restraining order prohibiting harassment of victims or witnesses in a federal criminal case when requested by the government. Neither of these statutes authorizes a private citizen, like Flores, to bring a civil lawsuit to enforce their terms. Accordingly, even if Flores had alleged facts implicating either statute, she has not stated a claim because she has no right to bring a private lawsuit against either defendant under these provisions.

Because Flores's complaint does not state a claim against any of the defendants it will be dismissed. The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend her complaint unless it is certain that amendment would be futile or otherwise unwarranted. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Because Flores seeks to bring civil claims for violations of federal criminal statutes that do not permit such claims, it would be futile for her to attempt to amend her complaint. The Court will therefore not afford her the opportunity to amend her complaint and will instead dismiss this case with prejudice.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Flores's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Flores's Complaint, ECF No. 1, is **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that Flores's Motion to Appoint Counsel, ECF No. 3, is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on January 23, 2026.

                                                                                           s/ *Brett H. Ludwig*
                                                                                          BRETT H. LUDWIG
                                                                                          United States District Judge